UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. MARSHALL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | ) Case No. CV 08-7529 JC<br>)<br>)<br>) MEMORANDUM OPINION AND<br>) ORDER OF REMAND<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## I.  SUMMARY

On November 26, 2008, plaintiff John A. Marshall ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; December 2, 2008 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum and Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 31, 2004, plaintiff filed an application for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 93-95). Plaintiff asserted that he became disabled on or about June 20, 2001, due to "HIV - seizures." (AR 93, 105). The Social Security Administration denied plaintiff's application initially and on reconsideration. (AR 46-51 64-68, 72-78). Plaintiff requested a hearing, which an Administrative Law Judge ("ALJ") conducted on April 30, 2006. (AR 79, 641-56). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel). (AR 641-56).

On May 12, 2006, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 55-59). On review, the Appeals Council remanded the matter to the ALJ for further proceedings. (AR 62-63). The ALJ then conducted two additional hearings on June 27, 2007 and November 15, 2007, during which plaintiff (who again appeared with counsel) testified. (AR 612-40).

On April 11, 2008, the ALJ once again determined that plaintiff was not disabled through the date of the decision. (AR 15-23). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: a history of seizure disorder and human immunodeficiency virus infection (HIV) (AR 17); (2) plaintiff's impairment or combination of impairments did not meet or medically equal a listed impairment (AR 19); (3) plaintiff retained the residual functional capacity to perform a full range of light work (AR 19);[1] (4) plaintiff

---

[1]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves
(continued...)

could not perform his past relevant work (AR 21); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 22); and (6) plaintiff's allegations regarding his limitations were not totally credible (AR 20-21).

The Appeals Council denied plaintiff's application for review.  (AR 6-8).

### III. APPLICABLE LEGAL STANDARDS

#### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

///
///

---

[1](...continued)
sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(c).  SSR 83-10 explains: "The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.  Sitting may occur intermittently during the remaining time."  See SSR 83-10; see also Terry v. Sullivan, 903 F.2d 1273, 1275 n. 1 (9th Cir. 1990) (Social Security Rulings are binding on the Administration); Massachi v. Astrue, 486 F.3d 1149, 1152 n. 6 (9th Cir. 2007) (Social Security rulings reflect the official interpretation of the Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations).

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work?[2] If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B. Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

---

[2]Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a).

1  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable
2  mind might accept as adequate to support a conclusion."  Richardson v. Perales,
3  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a
4  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing
5  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

**IV.  DISCUSSION**

Plaintiff contends, *inter alia*, that the ALJ materially erred in finding that plaintiff could perform a full range of light work without considering the form opinion of plaintiff's treating physician, Dr. J. Scott Morrow, that plaintiff could stand/walk 2-4 hours in an 8-hour day and could sit less than 6 hours in an 8-hour say with breaks.  (Plaintiff's Motion at 4-6; AR 195-96 [Dr. Morrow's "Physician Statement"]).  The Court agrees.

**A.    The Relevant Medical Record**

Plaintiff, who is HIV positive, received treatment from Drs. Kalvin Yu and J. Scott Morrow (among others),[3] at the AIDS Healthcare Foundation beginning in February 2002.  (AR 192-599).  Records indicate that plaintiff is HIV positive but asymptomatic, and has cerebellar degeneration.  (AR 197-594).  While many of the treatment notes assign plaintiff a "Karnov" score of 80, which means that plaintiff generally is able to engage in normal activity with effort with some signs

---

[3] Dr. Morrow treated plaintiff from February 2002 through April 2003.  (AR 235-38, 241-44, 247-56, 282, 301-05, 308-11, 314-25, 329-32, 338-41, 345-48, 354-58).

1  of symptoms of disease, there are a number of treatment notes in the record noting
2  a Karnov score of 70, which means that plaintiff "cares for self, [but is] unable to
3  carry on normal activity or do work."  (AR 229 [10/21/03 note], 233 [5/15/03
4  note], 237 [4/24/03 note], 240 [3/12/03 note], 242 [3/6/03 note], 337 [1/29/03
5  note], 374 [9/10/03 note], 388 [11/5/03 note]).  The treatment notes do not indicate
6  how the doctors arrived at the Karnov scores assigned.

7      Drs. Yu and Morrow provided "Physician Statements" dated November 29,
8  2004, and October 28, 2002, respectively.  (AR 193-96).  Dr. Yu checked boxes
9  indicating that plaintiff essentially could perform light work, whereas Dr. Morrow
10 noted that plaintiff could lift and carry no weight and could stand/walk 2-4 hours
11 in an 8-hour day, and sit less than 6 hours in an 8-hour day with breaks.  (AR 193-
12 96).

### B.   Applicable Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among the opinions of three types of physicians:  those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[4]  See id.  In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating physician because the treating physician "is employed to cure and has a greater

---

[4] Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted). The ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).

### C. Analysis

While the ALJ mentioned Dr. Yu's opinion finding that plaintiff could perform a full range of light work in both of his adverse decisions (AR 57)(citing AR 193-94), AR 20-21 (citing AR 193-94, but erroneously referring to the opinion

7

1 as Dr. Morrow's opinion)), the ALJ did not discuss Dr. Morrow's more limiting
2 opinion of plaintiff's residual functional capacity in finding that plaintiff could do
3 a full range of light work.  This was error.
4    While Dr. Yu's opinion may serve as substantial evidence to support the
5 ALJ's residual functional capacity determination, it was improper for the ALJ
6 silently to disregard  Morrow's conflicting opinion without comment.  At a
7 minimum, the ALJ was required to provide specific, legitimate reasons for
8 rejecting it – if the ALJ was so inclined.  Orn, 495 F.3d at 632.  It appears the ALJ
9 simply overlooked Dr. Morrow's assessment.
10    On remand, the Administration should evaluate the treating and examining
11 source opinions pursuant to the provisions of 20 C.F.R. sections 404.1527 and
12 416.927 and Social Security Rulings 96-2p and 96-5p, and explain the weight
13 given to such opinion evidence.  Moreover, to the extent the Administration may
14 determine that the treating physicians have not adequately explained what they
15 mean by the Karnov scores noted in plaintiff's treating records above, the
16 Administration should obtain evidence to clarify the nature and severity of
17 plaintiff's impairments.  See 20 C.F.R. §§ 404.1512(e), 416.912(e) (the
18 Administration "will seek additional evidence or clarification from your medical
19 source when the report from your medical source contains a conflict or ambiguity
20 that must be resolved, the report does not contain all of the necessary information,
21 or does not appear to be based on medically acceptable clinical and laboratory
22 diagnostic techniques.").
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**V.    CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   December 21, 2009

                                         /s/
                               Honorable Jacqueline Chooljian
                               UNITED STATES MAGISTRATE JUDGE

---

[5] The Court need not and has not reached any other issue raised by plaintiff except insofar as to determine that plaintiff's suggestion of reversal rather than remand is unpersuasive. When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).